## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

VERONICA NIXON,                )
                               )
            Plaintiff,         )
                               )
v.                             )        Case No.  CIV-24-929-JD
                               )
LUSVIA ORTEGA,                 )
                               )
                               )
            Defendant.         )

## REPORT & RECOMMENDATION

Plaintiff, proceeding pro se, brings this action disputing Defendant's handling of her Housing and Urban Development Agency Section 8 voucher. Doc. 1.[1] She applies for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. United States District Judge Jodi W. Dishman referred the in forma pauperis motion to the undersigned Magistrate Judge for disposition under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. For the following reasons, the undersigned recommends the Court deny Plaintiff's in forma pauperis motion.

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

I.     **Discussion.**

Upon initiation of this suit, Plaintiff applied to proceed in forma pauperis, under 28 U.S.C. § 1915. Doc. 2. The filing fee in civil cases is $405.00.[2]

Plaintiff's in forma pauperis motion reveals: (1) she is not employed and has no wages; (2) she has $100,000.00 in a checking or savings account;[3] (3) she counts among her valuable possessions "security federal gov deposit 12 months $1,265.00 stolen by section 8 caseworker"; and (4) she has two dependents. Doc. 2.

A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed in forma pauperis. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The Court may consider a variety of factors in exercising its discretion, including: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City*

---

[2]     The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

[3]     In a separate action, Plaintiff represented that she had $135,000.00 in a checking or savings account. *Nixon v. Linehan*, No. 24-928-D, Doc. 2 (W.D. Okla. Sept. 9, 2024).

*of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

As to the frivolousness factor, the Court makes no conclusions about Plaintiff's claims at this time. As to the prisoner factor, the special concerns attendant to prisoner cases do not apply because Plaintiff is not incarcerated. And as to the financial resources factor, Plaintiff attests that she has $100,000.00 in a checking or savings account. Given Plaintiff's representation of her finances, the undersigned finds Plaintiff has sufficient funds to pay the $405.00 filing fee. *See* 28 U.S.C. § 1914(a).

Proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). And "[w]hile this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend," the Court finds she could spend her discretionary funds on filing fees if she desires. *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010).

Therefore, based on the above factors, the undersigned recommends denying Plaintiff's in forma pauperis motion.

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Plaintiff's in forma pauperis motion. The undersigned further recommends the Court dismiss this action without prejudice unless Plaintiff pays the filing fee in full to the Clerk of Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of her right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 26, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff that failure to make a timely objection waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of September, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE